In the Matter of LOUIS SIMON, as Treasurer of the Laundry Workers Joint Board of Greater New York, Amalgamated Clothing Workers of America, a Voluntary Unincorporated Association, Petitioner, Respondent, against THE STAG LAUNDRY, INC., Appellant.

First Department, March 15, 1940.

*Jay Leo Rothschild* of counsel [*Walter S. Beck* with him on the brief; *Morris Lyman*, attorney], for the appellant.

*David M. Schlossberg*, for the respondent.

PER CURIAM. One Gingold, who had been in the employ of the appellant as a routeman, was discharged. In his behalf respondent

union claimed that the discharge was without cause. Appellant, on the other hand, asserted that Gingold was discharged because of certain irregularities in the performance of his duties constituting dishonesty.

The controversy was submitted for arbitration to the impartial chairman as provided in an agreement previously entered into between appellant and the union. After several hearings the impartial chairman made his award which directed that the employee be reinstated on probation with loss of pay for four weeks; he coupled his decision with a warning to all routemen of the firm that they would be held strictly accountable for any act of irregularity and be subject to discharge therefor. The impartial chairman, however, failed to make any finding on the one issue which was before him, namely, as to whether Gingold's discharge was wrongfully effected.

The pertinent portion of the agreement between respondent union and appellant reads as follows: " In the event that a discharge is determined by the Impartial Chairman to have been wrongfully effected, such discharged employee shall be immediately re-instated."

We are unable to agree with the respondent's claim that the award made necessarily implies that the impartial chairman found that the discharge was unjustified. The fact that the arbitrator imposed a loss of four weeks' pay leads to no other conclusion than that the discharge was not wrongfully effected.

The award should be vacated and the controversy should be remitted to the impartial chairman for disposition in accordance with the terms of the arbitration agreement.

The judgment and order accordingly should be reversed, with costs, and the motion to confirm the award of the arbitrator denied.

Present — MARTIN, P. J., GLENNON, DORE, COHN and CALLA-HAN, JJ.; DORE, J., dissents and votes to affirm.

DORE, J. (dissenting). Both parties pursuant to their agreement submitted the controversy for arbitration to the impartial chairman and agreed that the decision " shall be binding and final upon all parties with regard to any matter submitted to him." Inherent in the determination that the employee be reinstated is a finding that the discharge was wrongful. That determination was clearly within the scope of the arbitrator's jurisdiction on the submission. It is not charged that he was guilty of fraud, bad faith, corruption or other misconduct. In the absence of such charge the parties to the submission are bound. " The award of an arbitrator cannot be set aside for mere errors of judg-

ment, either as to the law or as to the facts." (*Matter of Wilkins,* 169 N. Y. 494, 496; *Curtis* v. *Gokey,* 68 id. 300, 305.) Otherwise the court's judgment is substituted for that of the arbitrator chosen by the parties and the award is the commencement not the end of litigation. The word " findings " in the agreement is used synonymously with all " decisions " and " awards " and obviously the agreement did not require specific findings of fact as distinguished from a decision or an award which concededly was made.

Accordingly, I dissent and vote to affirm the judgment and the order appealed from.

Judgment, and order granting petitioner's motion to confirm the award of arbitrator, reversed, with costs, and said motion denied.