In the Matter of the Arbitration Between TRANSPORT WORKERS UNION OF AMERICA, C.I.O., and FIFTH AVENUE COACH COMPANY.

DOUGLAS L. MACMAHON, as Secretary-Treasurer of Transport Workers Union of America, C.I.O., Petitioner; FIFTH AVENUE COACH COMPANY, Respondent.

Supreme Court, Special Term, New York County, August 8, 1946.

*Harry Sacher* for petitioner.

*Shearman & Sterling & Wright* for respondent.

NULL, J. This is an application by the Transport Workers Union of America, C.I.O., to vacate an award made in the arbitration of certain matters in controversy between it and the Fifth Avenue Coach Company.

The record shows that on February 14, 1946, the parties executed an agreement which set forth the specific questions in dispute, together with their assent to submit those questions to the arbitrator " for a hearing and decision pursuant to the laws of the State of New York ". The items submitted for arbitration read as follows:

" 1. Shall one-man operation of double-deck buses be put into effect?

" 2. What shall be the wages, severance pay, pension, providing by the company of other employment for drivers and conductors who may in any way be affected in their jobs by one-man operation and working conditions, in the event of one-man operation of double-deck buses?

" 3. What shall be the length of the term of the contract between the Union and the company to run from October 1, 1945, and what shall be the terms and provisions of such contract covering wages, working conditions and other items of employment? The Union has presented demands, a copy of which is annexed hereto as Schedule A, setting forth their proposals as to such contract, and the Arbitrator shall determine which, if any of such demands, shall be granted."

The hearings before the arbitrator commenced on February 14, 1946, the day on which the agreement of submission was executed, and were concluded on April 25, 1946. The arbitrator's award was made on July 6, 1946.

Although several grounds are assigned as the basis for this motion, the principal contention is that the arbitrator failed to make any award upon the first of the items enumerated in the submission, " Shall one-man operation of double-deck buses be put into effect? "

The submission to arbitration clothed the arbitrator with jurisdiction to hear and determine the specific issues which the parties, by their voluntary agreement, designated as the subjects to be determined by him. The submission is, at one and the same time, the source and the definition of the authority to be exercised by the arbitrator. Consequently, while his award may not, of course, go beyond the scope of the submission, it must, nevertheless, embrace all the matters referred to him for decision with a positive adjudication upon each (*Moore* v. *Cockcroft*, 4 Duer 133). In other words, it is a fundamental requisite of an award that it shall be coextensive with the submission (*Jones* v. *Welwood*, 71 N. Y. 208; 10 Carmody on New York Pleading and Practice, §§ 1196–1198). Accordingly, the questions raised by the motion can only be resolved by an examination of the award and the submission, testing the determinations made in the former against the fair intendment of the parties, as comprehended within the latter.

The context of the award contains no answer to the first question posed in the submission. On the contrary, it is confined to a justification of the arbitrator's position, repeatedly asserted, that the operation of double-deck buses by one operator was not at all in issue in the arbitration proceedings before him. The award of the arbitrator, as it relates to that matter, consists largely of a discussion of the background of the controversy between the parties before the agreement of submission was made. Under the heading, " One Man Operation Not An Issue ", he relates the history of the dispute on that subject

and the abortive efforts by the Second Regional Board of the National War Labor Board in June and August, 1944, and the National War Labor Board in March and July, 1945, to adjust the differences.

Incorporated in the award are letters written by officers of the Transport Workers Union in September and October, 1945, which purported to present the terms upon which consent would be given to the operation of double-deck buses by single operators. These letters are used as the basis for the conclusion which the arbitrator phrases as follows: *" There is no issue as to the one-man operation of double-deck buses "*. (The italics appear in the original award.) The arbitrator, seeking further to support this conclusion, sets forth a letter from former Mayor La Guardia, the sense of which is that at conferences with representatives of the parties in October, 1945, " the question of one-man operation of double-deck buses was definitely settled ".

Finally, the arbitrator states: " The issue presented for determination to the Arbitrator is whether the terms of one-man operation proposed by the Union are reasonable ". He concludes by declaring: " This decision and award, therefore, does not pass upon the possibility, feasibility or practicability of one-man operation in the City of New York ".

It is quite plain, therefore, from his own words that the arbitrator did not decide the first question submitted. It is evident that he did not regard the first issue as a matter in dispute or one which he was obligated to decide. Indeed, he treated the subject as if it had been disposed of some time prior to the submission and that it was unnecessary for him to pass upon it. Even in his approach to the second question, which obviously was bound up with the first, the arbitrator again made it clear that he did not make and did not intend to make any adjudication upon the first item. In the opening sentence under the heading " Severance Pay ", he writes in his award: " Since the Company and the Union dispute is only as to the terms upon which one-man operation should be entered upon, it is necessary to compare the severance pay and severance annuities plans of the Union and the Company ".

Apparently, the arbitrator overlooked the force of the submission of February 14, 1946. That submission was a contract that was as binding upon him, upon qualifying as the arbitrator, as it was upon the parties. Whatever may have been the attitude of the parties in October, 1945, the submission plainly fixed the status of the dispute as it existed on February 14,

1946, and enumerated the items which were required to be adjudicated by the arbitrator. Moreover, the submission, by its own terms, acknowledged that the parties had " been unable to reach an agreement on the matters in dispute ", thus indicating unmistakably that each enumerated item was actually disputed and was to be resolved by arbitration. It is not contended that anything occurred during the arbitration to bring about the elimination of the first issue from consideration by the arbitrator.

There is no evidence and no claim is made that the first item was abandoned or withdrawn from the proceedings in arbitration or that its consideration by the arbitrator was waived. On the contrary, the record of the hearings before the arbitrator establishes that the operation of double-deck buses by one, instead of two, operators was the subject of testimony by witnesses, the argument of counsel and even comment by the arbitrator himself.

It is suggested that an affirmative answer to the first item is inferable from the determination of the second item. Applying to the award the most liberal construction possible, in the face of the express declarations of the arbitrator that he was not called upon to and did not decide the first issue, any such inference would be unwarranted and improper. The court may not, under the guise of inference, supply an answer which the arbitrator failed to make, although he could have done so by the mere use of the simple affirmative. In short, no award can be supported by implications inconsistent with the actual facts.

In the circumstances, the conclusion is unavoidable that the arbitrator failed to decide the first item of the submission. His award is in no sense mutual, final and definite upon *all* the subject matter submitted to him by the parties. It is, therefore, invalid (*Herbst* v. *Hagenaers*, 137 N. Y. 290, 296; *Matter of Simon* v. *Stag Laundry, Inc.*, 259 App. Div. 106; *Matter of Schwartz Silk Co.* [*Granowitz*], 224 App. Div. 705). It is unnecessary, then, to pass upon the other objections. The application to vacate the award is granted. The court will confer with counsel in chambers at noon on August 9, 1946, on the terms of the order to be entered to vacate and for resubmission in accordance with section 1462 of the Civil Practice Act.