In the Matter of the Arbitration between U. S. VITAMIN CORPORATION et al., Respondents-Appellants, and HARRY E. DUBIN, Appellant-Respondent. — We construe the order appealed from as meaning that the matter is remitted to the arbitrators for clarification of their award, particularly with respect to the right of using the name " Dubin ". Although we do not hold that this award is necessarily inconsistent in dismissing the adverse claims in regard to stock certificates, we think that the award might be more specific on this issue. The arbitrators may act upon the proof already taken and any additional proof that they may see fit to receive. Order unanimously affirmed, without costs. Present — Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ. [See *post*, p. 823.]

WADE JAMISON, Appellant, v. FANJO GARAGE, INC., Respondent, et al., Defendants.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. REGINO SEDA SANTIAGO, Appellant.— Order unanimously affirmed. No opinion. Present — Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ.

LAWRENCE ROBINSON, Respondent, v. MICHAEL P. GRACE, Appellant.— The question in this case is whether an exchange of letters between the parties constituted a contract, or more specifically, whether the letter of March 14, 1949, from defendant to plaintiff, constituted an offer or an invitation to negotiate, and if an offer, whether plaintiff's reply of March 15, 1949, was an acceptance. If the first letter could be considered an offer of alternatives, it might be said that the reply was an acceptance, although it did not indicate which alternative was accepted. It would then have to be said that the letters left open an election on the part of one party or the other as to the alternative, or required further negotiation between the parties. We think it quite clear, however, that the letter of March 14th was not an offer. Although it contemplated that the parties would reach an agreement on one alternative or the other, the wording, context and sense of the letter reveal a frame of mind and contemplation of negotiation rather than a firm offer, and the reply is in much the same spirit. We conclude that the first letter cannot be considered an offer and that the two letters together cannot be deemed a contract. Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with costs. Present — Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ.

DORIS BERKMAN, Respondent, v. PORT ORIENTAL RESTAURANT, INC., Defendant, and SAMUEL POMERANZ et al., Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ. [See *post*, p. 808.]

ALDEN METAL PRODUCTS CORPORATION, Appellant, v. SABIN ST. GERMAIN et al., Copartners Doing Business under the Name of SABIN ST. GERMAIN & ASSOCIATES, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Dore, Cohn and Callahan, JJ.