In the Matter of the Arbitration between Samuel Adler, Inc., Respondent, and Local 584, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Appellant.

First Department, June 2, 1953.

*Samuel J. Cohen* for appellant.

*Samuel Rubin* of counsel (*Herbert Thau* with him on the brief; *Samuel Rubin,* attorney), for respondent.

*Per Curiam.* Respondent union appeals from an order of Special Term vacating an arbitration award. The award was vacated on the ground that the arbitrator's finding of improper discharge by petitioner employer of its employee, a driver on a milk route, was inconsistent with the direction in the award that the employee, upon reinstatement, forfeit two weeks' wages.

The question submitted to the arbitrator was the narrow one: "Was the discharge * * * proper, under the Contract?" The arbitrator found that the provisions in the contract forbidding unauthorized persons on vehicles and forbidding use of a helper, relied upon by the employer as justifying summary dismissal, were not intended to apply to the presence and use as helpers on a delivery truck of fellow employees. Parties who submit to arbitration submit all issues of fact and law including the interpretation of the terms of the contract. A reading of the arbitrator's decision and award in its entirety shows that he found on the facts and on his interpretation of the contract that the discharge was not proper.

While the issue of reinstatement and its terms was not expressly submitted to the arbitrator, it is necessarily implicit in submitting issues that could and did result in a finding of improper discharge. Since the employee involved was found by the arbitrator to be guilty of wrongful conduct, although not sufficient to justify dismissal, the award properly required that he be reinstated. It also fined him two weeks' pay. No objection was made by the union to the penalty, and presumably it is

satisfied entirely with the award. Since, concededly, the arbitrator had power to order reinstatement, there is no reason why a condition could not be attached.

On the facts disclosed in our opinion, the arbitrator's award was not improper or inconsistent and the arbitrator did not exceed his powers.

The order vacating the award should be reversed and the award reinstated, with costs to appellant. Settle order.

COHN, J. (dissenting). As the Special Term correctly pointed out, the written submission to the named arbitrator presented only one question, to wit: "Was the discharge of Terrence Boyle proper, under the Contract?" The award of the arbitrator in answer to this one question was imperfectly executed and clearly exceeded his powers. It reads as follows: "Routeman Boyle should be restored to his job without loss of seniority or any other right under the contract, upon receipt of this decision, except for the forfeiture of two weeks wages, and should be paid back pay for the balance of the time lost."

In a discussion of the facts preceding his formal award the arbitrator indicated that there had been shown a formal violation of the contract provisions prohibiting unauthorized persons on vehicles and against the use of helpers, but that a penalty of a full discharge might not be warranted because of its harshness, and accordingly he adopted a middle ground and directed reinstatement with a forfeiture of two weeks' wages. This, he had no authority to do under the submission.

It is settled law that the power of an arbitrator is confined strictly to the matters submitted to him and if he exceeds his authority the award will be void. (*Dodds* v. *Hakes,* 114 N. Y. 260; *Matter of Morantz* [*Berliant*], 275 App. Div. 873; *Matter of Friedman,* 215 App. Div. 130, 138.)

As the arbitrator here exceeded the authority conferred upon him by the written submission and by statute, the award was properly vacated. Accordingly, I dissent and vote to affirm the order vacating the award.

PECK, P. J., DORE and BREITEL, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm in opinion, in which GLENNON, J., concurs.

Order reversed and the award reinstated, with costs to the appellant. Settle order on notice.