NILES-BEMENT-POND COMPANY *v.* AMALGAMATED LOCAL 405, INTERNATIONAL UNION, UNITED AUTOMOBILE, AIRCRAFT AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and QUINLAN, Js.

Argued April 9—decided June 9, 1953

*William S. Zeman,* with whom was *Harry Cooper,* for the appellant (defendant).

*Walfrid G. Lundborg,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff company brought an application under § 8161 (d) of the General Statutes to vacate the award of an arbitrator in favor of the defendant union. The union counterclaimed praying a confirmation of the award. The court rendered judgment vacating the award and the union has appealed.

The pertinent facts found by the trial court may be stated briefly as follows: The company and the union entered into a labor-management contract wherein they agreed to submit to arbitration any dispute "as to the meaning and interpretation, or the application of an interpretation," of any provisions of their contract, "which dispute . . . arose due to the processing of a grievance . . . under the grievance procedure" set forth in the contract. Joseph L. Lajoie, an employee covered by the agreement, was discharged by the company on January 9, 1952, for insubordination. On a previous day, Lajoie had taken a stool usually used by a woman employee, but upon request he had brought it back. On January 9, he took the stool again and was ordered by his foreman to return it. Before complying, he consulted his union steward, who advised him to return the stool. In returning it, he shoved it toward the woman with an oath directed to her which caused her to cry. The company concluded that Lajoie's conduct amounted to insubordination which constituted just cause for his discharge, and he was released. On the same day, the union, under the grievance procedure of the contract, filed the following: "Grievance dated January 9, 1952   Nature of Grievance 'Union claims Joseph L. Lajoie 60-78 has been discharged without just cause in violation of

Article III Section 1-5-6-9 & 10; Article IV, Section 1.' Adjustment Desired 'Joseph L. Lajoie 60-78 be reinstated without loss of seniority, wages or any other benefits under Article II Section 4, Article IV, Section 1.'" The grievance was duly processed, but the company maintained that Lajoie was discharged for just cause and refused to reinstate him. The parties agreed to submit the dispute to arbitration pursuant to the contract. The company at no time raised any question concerning the arbitrability of the dispute.

The arbitrator made the following award: "The Union's claim that Joseph L. Lajoie was discharged without just cause is sustained and he is ordered reinstated with full seniority rights, and with back pay from January 16, 1952, to the date of his reinstatement, less any amount he may have earned from other employment during that period." By this award, Lajoie would lose a week's wages. The finding of the arbitrator contained the following paragraph: "There is little merit to the Union's claim that no act of insubordination was committed by Lajoie. His original refusal to submit to the assistant foreman's initial instruction to return the stool, and his subsequent action in reluctantly obeying after first checking with the stewards, were acts of insubordination, of refusing to submit to the authority of his supervisor. It has been pretty clearly established that an employee should obey the instructions of his supervisor, providing they are not detrimental to his health and welfare, and then resort to the established grievance procedure for correction of any possible injustice. As the Company points out, maintenance of discipline is essential to the effective operation of the plant. But the Union is also correct in pointing out that Lajoie satisfied

the second order of the assistant foreman by returning the stool within the five minutes allowed him. The question remains for the arbitrator to determine whether or not Lajoie's action was so grossly insubordinate as to constitute grounds for discharge."

From these facts, the trial court reached the following conclusions: It was within the purview of the arbitration to determine whether there was insubordination; a finding of insubordination by the arbitrator deprived him of the right to deny disciplinary action to the employer; the award, reinstating the employee with loss of pay, was outside the scope of the authority of the arbitrator under the submission by the company and the union; the arbitrator exceeded the powers vested in him and imperfectly executed them, under the provisions of General Statutes, § 8161 (d). The trial court set aside the award.

Section 8161 of the General Statutes provides that, upon the application of any party to an arbitration, the Superior Court shall make an order vacating the award, "(d) if the arbitrators shall have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject-matter submitted was not made." The powers of an arbitrator are limited by the agreement of submission and no matter outside of it may be included in the award. *Pratt, Read & Co.* v. *United Furniture Workers,* 136 Conn. 205, 208, 70 A.2d 120, and authorities therein cited. In the recent case of *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68, 82 A.2d 345, we commented upon the beneficial results to be gained from arbitration procedures and stated that these could not be obtained if the agreement for submission failed to state the specific question to be decided by the arbitrator with

definiteness so that he could answer it with exactitude. In the instant case, the matter submitted to arbitration was "the grievance as processed." The issue was not as clearly stated as it should be. We must seek it in "the grievance as processed."

The grievance stated that Lajoie had been discharged without just cause. It specifically referred to article IV, § 1, of the contract, which gives the company power to discharge or lay off any employee for "just cause" and provides further that if there is not just cause the employee shall be reinstated by the company. The company claims that it was acting within its rights in discharging Lajoie for insubordination and that the primary question for the arbitrator was whether Lajoie was insubordinate. It argues, therefore, that a finding that Lajoie was insubordinate precluded the arbitrator from determining whether the disciplinary action by the company should be suspension or discharge. This argument is untenable for two reasons. In the first place, the primary question was not whether Lajoie's conduct amounted to insubordination but whether it constituted just cause for his discharge. While the contract gives to the company the right to "suspend or discharge for cause any employee in order to maintain discipline and efficiency in production," it gives that right subject to certain modifications. The company can discharge or lay off an employee only for "just cause."

The arbitration clause stated that "[t]he arbitrator shall be confined in the decision to be rendered to the meaning and interpretation, or the application of an interpretation, of the particular provision or provisions of the contract which gave rise to the grievance or gievances." As applied to the grievance in the instant case, this clause gave to the arbi-

trator the power to deal with the grievance in accordance with the terms of the contract. When the matter is viewed in this light, a finding of insubordination is not necessarily inconsistent, as claimed by the plaintiff and found by the court, with an award that the employee should be reinstated with a week's loss of pay. Even though Lajoie had been insubordinate, it did not necessarily follow that he should have been discharged. There was still the question whether his insubordination was of such a nature as to constitute "just cause" for his discharge.

The second reason why the company's position is untenable is that, even if the arbitrator's award requiring the employee to suffer one week's loss of pay was improper as covering a matter beyond the submission, the finding that there was not "just cause" was on a question properly before the arbitrator for decision. Sturges, Commercial Arbitrations & Awards, § 226; 3 Am. Jur. 945, 957. Then too, the award as made did not go beyond a clause of the contract which provides that a "layoff of an employee for one week or less may be made by the Company irrespective of any provision" of the contract. From this standpoint the reinstatement of Lajoie with one week's loss of pay was not an imposition of disciplinary action by the arbitrator.

The arbitration clause further provides that no question relating to the functions reserved to the company, which in the preamble are set forth as managerial, shall be submitted to arbitration. The trial court, however, found that no question of the arbitrability of the dispute was raised before the arbitrator, and that clause must be considered as having been waived, if applicable at all.

The application to vacate the award should have been denied and the application to confirm it, granted.

There is error, the judgment is set aside and the case is remanded with direction to enter judgment confirming the award.

In this opinion the other judges concurred.