Gr. Robert Wither, J.
This is a special proceeding in which petitioner has moved for confirmation of an arbitrator’s award, and respondent has cross-moved to have the same vacated upon the ground that the arbitrator exceeded his powers or, in the alternative, for an order remanding the proceeding for a rehearing. It appears that upon January 6, 1959 the parties hereto agreed to submit to arbitration two questions, as follows:
“Was the discharge of Eugene A. Yersage on November 20, 1958 by Rochester Maid, Inc. justified? If it is found that discharge was not justified, what relief shall be awarded? ”
The hearing proceeded that day, and the arbitrator promptly rendered his determination in writing in which he reviewed the claims of the parties, the evidence, his conclusions and made an award. It appears that respondent employer claimed that its employee, Yersage, lacked integrity, was tardy, failed to keep his route-book posted to date, and failed to make an accounting at the regular times as directed. The arbitrator found that respondent failed to establish its charge that Yersage lacked integrity, but found Yersage negligent and careless. The arbitrator found that Yersage was tardy, failed to keep his route-book posted to date and failed to account timely in accordance with company directions.
*1067 The arbitrator found further that Versage’s service to the company was on a parity with that of the average employee, that the above defaults' by Versage occurred over a long period of time and that respondent employer “at no time exercised any remedial discipline.” The arbitrator concluded that fair play on the part of the employer required that it give Versage more notice of his defaults and give him more discipline before discharging him, and that it, as well as Versage, was at fault in the situation which led to the discharge. The arbitrator further concluded that the discharge was not justified, that Versage should be punished to the extent of not receiving the pay he lost prior to December 29, 1958, but he should be reinstated in his job on January 12, 1959 with back pay at $65 per week from December 29,1958.
¡Respondent employer has declined to accept the award. It contends that since the arbitrator found that Versage was remiss in some respects as charged, he exceeded his powers in considering respondent employer’s conduct and in declining to find that the discharge was justified. It relies upon Modernage Furniture Corp. v. Weitz (64 N. Y. S. 2d 467); but that ease is inapposite because there the arbitrator found that the employee’s conduct was ‘ ‘ sufficient cause for discharge. ’ ’ In the ease at bar the arbitrator found the contrary.
In effect respondent’s position is that the question before the arbitrator was solely whether or not Versage was guilty of the several defaults charged, most of which charges were found by the arbitrator to be true. But the agreement of submission was broader than that. It placed in the arbitrator’s hands the question as to whether the discharge was “ justified ”. In other words was it “ just “ fair ” and “ right ”, and if not justified, “ what relief shall be awarded? ” The word “ relief ” in this question was reasonably interpreted by the arbitrator to mean relief to either or both the parties concerned.
Although it may be that a court or another arbitrator, acting in the first instance, might have reached a different result, that is not pertinent at this time. Giving effect to all of the evidence presented, the arbitrator has found that the discharge was not justified. This determination was within his province and may not be disturbed by the court. (Matter of Burke, 191 N. Y. 437; Matter of Deering Milliken & Co. [Boepple Sportswear Mills], 4 A D 2d 652, affd. 4 N Y 2d 956.)
¡Respondent’s alternative request that the matter be sent back to the arbitrator for rehearing to take further evidence on the subject of respondent’s conduct toward Versage is denied. The evidence to which respondent refers is clearly cumulative, and *1068 the court has no power to grant a rehearing therefor. Matter of Bolton (General Acc. Fire & Life Assur. Corp.) (51 N. Y. S. 2d 407, affd. 268 App. Div. 905, affd. 295 N. Y. 734) cited hy respondent, does not aid it here.
Although no case directly in point has been cited to or found by the court, the court has found one case (Matter of Simon v. Stag Laundry, 259 App. Div. 106) which gives considerable support to respondent’s position. In that case the arbitrator failed to make a finding as to whether the employee was wrongfully discharged, but he ordered him reinstated with loss of four weeks ’ pay. Special Term confirmed the award, but by a divided court the Appellate Division reversed, vacated the award and ordered the controversy remitted to the arbitrator for disposition in accordance with the arbitration agreement.
In the case at bar the arbitrator has followed the terms of the arbitration agreement, unless it be held as a matter of law that the arbitrator exceeded his powers and rendered an inconsistent determination when he denied the employee some wages and at the same time found that the discharge was not justified. I am not prepared to hold that the arbitrator did exceed his powers in this regard. It seems to me that when the parties entered into the arbitration agreement herein they contemplated, or at least reasonably should have anticipated, that a determination such as the arbitrator made might result.
The award is therefore confirmed.