ALLIE B. OVERALL et al, Defendants-Appellants,

*v.*

DELTA REFINING COMPANY, a Corporation,
Complainant-Appellee.

(*Jackson,* April Term, 1960)

Opinion filed May 4, 1960.

ANTHONY J. SABELLA, Memphis, for appellant.

JOHN S. MONTEDONICO and JESSE CLYDE MASON, Memphis, for appellee, CANALE, GLANKLER, MONTEDONICO, BOONE & LOCH, Memphis, of counsel.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This case is improperly styled. It should be styled just as it was in the Chancery Court. The Delta Refining Company, hereinafter sometimes referred to as the Company,

filed its bill against Allie B. Overall, a former employee, and his union, the Chemical & Atomic Workers International Union and Local #8-631, CIO, all hereinafter referred to as appellants, except when reference is made to the individual appellant Allie B. Overall.

A declaratory judgment to determine the rights of the parties and for the purpose of declaring void an award of arbitrators on the basis that the arbitrators exceeded their authority and compromised the matter submitted to them. The chancellor sustained the bill and made a declaration setting aside the same; hence this appeal.

The appellants here as defendants below filed a plea in abatement and a demurrer, the two of which raise many questions which we do not need to discuss, in view of the conclusions that we have reached in the case after giving the matter as thorough study as we know how. The case was heard on bill and answer, both of which contain few statements of fact and many conclusions of the pleaders which are really their respective constructions of the "collective bargaining" contract and other documents pertinent to the inquiry. The following facts, however, emerge from the bill and answer and the exhibits thereto.

The appellant Overall was employed by the appellees as a dock loader whose duties were to look after and load transport trucks with light, oil and gas products and incidental duties thereto, such as checking invoices, tickets, etc., and he was on duty Sunday, February 1, 1959, on the day shift. On said day, without authority or permission and in violation of the rules of employment, he absented himself from his place of employment, went to his automobile, where he was found asleep at about 10:30 A.M. on

said day. As a result of such conduct the appellee discharged him on February 3, 1959.

The above fact is denied in the answer and under the ordinary rules of a hearing on bill and answer such denial would be conclusive. But here it is implicit in the whole situation as well as from Exhibit B to the bill of appellee, which is a document signed by Overall himself and which will be referred to hereinafter, that such denial was inadvisedly made and is contrary to the record itself and especially should not have been made under oath. But for this neglect of duty that would not have been any reason for this arbitration.

As a result of his discharge, the appellant following the grievance procedure provided for by the collective bargaining agreement, filed his complaint in writing which is Exhibit B to the original bill, which is as follows:

"I am of the opinion that I was dismissed unjustly from the employment of the Company. In as much as Mr. Bailey made an agreement with the committee that if the committee was not notified by Friday, the 6th of Feb., I would be considered on a week's layoff for disciplinary action, and that I would return to work on my regular shift Monday, Feb. 9th.

"Allie B. Overall"

At this point it will be well to state the pertinent parts of the collective bargaining agreement. Under Art. VIII relating to grievance procedures, Sec. 2 provides:

"Should any dispute or grievance under this contract arise between the Company and the Union, there shall be an earnest effort on the part of both parties to settle

the same promptly through the steps provided below:
* * * .''

Then follow the steps which need not be quoted, except step 3 is:

"Any grievance not settled in accordance with the above procedure may be referred for arbitration."

Under Art. IX, relating to arbitration procedures, it is provided that a committee composed of one man selected by the Company and another by the Union shall then select an impartial arbiter, to which committee the grievance will be submitted.

Sec. 3 provides:

"The majority decision of the arbitration committee of three (3) members shall be final and binding upon the parties to this agreement, provided it is distinctly understood that the arbitration committee is not vested with the power to change, *modify or alter this agreement in any of its parts;* but the committee may *interpret* the provisions of this agreement". (Emphasis supplied)

Under Art. XIV, relating to management, the contract provides:

"The management of the plant, the manner in which the work is performed, and the direction of working forces, including the right to hire, suspend, or discharge for *proper cause,* and the right * * * are vested exclusively in the Company; provided that this will not be used for the purpose of discrimination against any employee or to avoid any of the provisions of this agreement." (Emphasis supplied)

Unfortunately there is nothing in the record, nor any allegation in the pleadings to show just exactly what issue or issues were submitted to the arbitration committee. Paragraph 5 of the bill says that the only issue submitted or that could have been submitted was that of "just or unjust" discharge or "for cause." And that said award in effect held the discharge to be just or for cause, but the arbitrators exceeded their powers in reinstating the appellant, "as no where in the contract of employment, including said collective bargaining agreement between the complainant and defendant Overall, is there provided for mandatory reinstatement of an employee when discharged, whether justly or unjustly."

On the other hand, this is all denied in the answer. These averments and denials, however, amount to nothing more than what construction each party puts upon the contract and the conduct of the parties as reflected by the record before us.

*The Award*

The Board made the following finding in part:

"A majority of the Board feels that the grievance which Allie B. Overall filed February 18, 1959, should be sustained and that he should be reinstated to his former position on March 2, 1959, with no loss of seniority rights but with loss of pay from the time of his discharge until the date of his employment. We think that the party filing the grievance was derelict in his duty in leaving his post of duty and getting in his automobile and falling asleep therein; but we feel that in making a decision upon his grievance, we should take into consideration the circumstances surrounding the incident and also the impartial arbitrator is impressed

with the manner in which the Company handled this grievance."

The award report then made reference to the contention contained in the above quoted grievance, Exhibit B to the original bill, but they did not pass on it, and had this to say:

"This controversy is pointed, and I do not think that it is necessary for me to decide the right and wrong of this issue in the determination of this grievance. Under the circumstances we feel that the loss of pay for the period indicated is sufficient punishment for the incident alleged and that the discharge under the circumstances was too severe.

"Respectfully submitted
"Edward W. Kuhn
"William R. Henderson
"Ben L. Capell"

We must respectfully disagree with the insistence made by counsel in behalf of the Company that this award is a finding that the discharge of this employee was justified or for cause. The award on its face shows the very contrary of that insistence, because it finds that, while the employee was derelict in his duty in what he did, yet the discharge was too severe a penalty; this, it seems to us, is simply a finding in effect that what the employee did was not sufficient to justify his discharge but called merely for some discipline milder than discharge.

As stated supra, there was never any question of appellant's dereliction of duty; the primary question for arbitration was whether same was "proper cause" for his discharge; and necessarily if the committee found the

punishment too severe, they were logically called on to fix the proper penalty.

This distinction is illustrated in *Niles-Bement-Pond Co. v. UAW, Local #405*, 1953, 140 Conn. 32 ,97 A.2d 898, the substance of which case is:

A finding that an employee was guilty of insubordination was not inconsistent with the arbitrator's award that the employee be reinstated with loss of a week's pay, where the primary question was not whether the employee's conduct amounted to insubordination, but whether it constituted just cause for his discharge.

There is another statement in paragraph 3 of the original bill with which we respectfully must disagree and that is as follows:

"That said agreement covers seniority, sick leave, job classification and hourly wage rates, arbitration, and numerous similar matters, but said agreement other than incidentally *does not cover discharge of employees* by the Company."

Obviously, the contract does cover discharge of employees for cause, as provided in Sec. XIV supra, else it is pertinent to inquire why did the Company agree to and enter into any arbitration at all about whether the discharge was for cause.

The next determinative question is whether or not a fair interpretation of this contract should be that it includes the right of the arbitration committee to award reinstatement of an employee when discharged for insufficient cause, or for lack of just cause or, as the contract says, "proper" cause. Preliminary to any discussion we agree with the insistence in behalf of the Company that

the contract contains no provision in regard to reinstatement that is *mandatory,* but whether it be mandatory is to our minds immaterial to a solution of the problem.

Now with reference to the power of the arbitrators to reinstate this employee, we agree with counsel for the Company that if the committee had in fact found that the discharge was for proper cause, they could have gone no further and any attempt to award a lesser penalty would have been plainly beyond their power and would have been not only a compromise but absolutely void. They did not so find, however, as stated above. Are we going to hold then that when the committee has found that the discharge was not for proper cause, their award shall end at that point with a period? That would hardly seem to be a rational solution of the problem, or conduct consistent with the nature of an arbitration award. That would leave the employee or the union in his behalf (whatever the law may be in that regard we do not need to concern ourselves with at this time) to commence a litigation for the purpose of reaping the benefit of the award. In 3 Am. Jur., 947, Sec. 125, it is said:

"Certainty of Terms—The certainty of an award is one of its indispensable and essential properties; if deficient in this respect, it cannot be sustained. It must be complete and definite. It must leave open no loophole for future dispute and litigation. It should, as a general rule, leave nothing to be performed, but the mere ministerial acts needed to carry it into effect. It should be as certain as a judgment of court. The object of an arbitration is to prevent future dispute, and this object can hardly be said to be carried into effect when, in defining rights of the parties, terms are used

which might require another lawsuit to fix their meaning. * * *"

Counsel for the Company has urged this same proposition of law and the attack upon the award is made on the basis that it lacks the above essentials.

Accordingly, it seems to this Court that unless there is something in the fair language of the contract which prohibits same, or denies this authority to the arbitrators, they were well within their prerogatives in making reinstatement with loss of pay a part of the award.

The only cases involving the question of reinstatement cited by counsel for either party are the following:

*Niles-Bement-Pond Co. v. UAW, Local,* supra: here the contract provided for reinstatement, if the discharge was not for cause;

*Samuel Adler, Inc. v. Local #584, etc.,* 1953, 282 App. Div. 142, 122 N.Y.S.2d 8, 9:

"While the issue of reinstatement and its terms was not expressly submitted to the arbitrator, it is necessarily implicit in submitting issues that could and did result in a finding of improper discharge. Since the employee involved was found by the arbitrator to be guilty of wrongful conduct, although not sufficient to justify dismissal, the award properly required that he be reinstated. * * *";

*Simon v. Stag Laundry, Inc.,* 1940, 259 App.Div. 106, 18 N.Y.S.2d 197, 198. Here the contract provided:

"In the event that a discharge is determined * * * to have been wrongfully effected, such discharged employee shall be immediately re-instated."

*Held,* the imposition of loss of pay necessarily leads to the conclusion the discharge was not wrongful. (Majority opinion) The dissenting opinion holds to the contrary and is in accord with the later case supra, Samuel Adler, etc.

We do not think that this interferes with the powers of management reserved by Art. XIV supra. Art. IX, Sec. 3 gives the arbitrators power to interpret the provisions of this agreement, although at the same time it does not give them the power to alter any part of this agreement. There is nothing in the contract expressly relating to reinstatement. When, however, it appears there has been a discharge without proper cause, it does not seem to us that the action of the committee in this regard has undertaken to alter any provision of the contract, but to the contrary have done a very sensible thing.

We think that this lawsuit probably would have been obviated had the parties in the beginning made a full submission in writing instead of in the evidently oral form that they did.

The decree below is reversed and a judgment is rendered declaring the rights of the parties in accordance with the award of the arbitration committee. The costs both here and in the trial court will be equally divided between the appellants and appellee.