Harold J. Crawford, J.
This is an application under subdivision 4 of section 1462 of the Civil Practice Act for an order ‘ ‘ directing that the award made by the arbitrator * * * be vacated and set aside on the ground that the decision exceeded the powers of the arbitrator; that the award made was not a final and definite award upon the subject matter submitted; *9 and that the arbitration award failed to dispose of an additional question raised at the hearing
More specifically, petitioners contend that the arbitrator exceeded his powers in deciding that the respondent’s ultimate termination of the franchises was justified; that the award was not final and definite in that it did not decide the matters submitted by item 1 and items 3 through 10; and that the arbitrator failed to decide whether he had jurisdiction as to six of the petitioners, a question which was raised by the respondent at the hearing and upon which the arbitrator expressly deferred decision.
The first contention is without merit. Petitioners requested arbitration on 10 specific items. Item 1 reads as follows: “ To determine that the distributors were locked out on Thursday, April 25,1962, and compensation to the distributors for damages resulting therefrom.” Item 2 requested the arbitrator to determine that “ The termination notices sent by Coca Cola are void and all distributors be reinstated and be paid compensation pursuant to item 1.” Indulging all reasonable intendments in favor of the award, as the court must (Matter of Mencher [Geller & Sons], 276 App. Div. 556, 565), it is of the opinion that those two items put in issue the substantive right of the respondent to terminate the franchises and did not, as petitioners contend, restrict the arbitrator to the issue of whether the termination notices were procedurally proper.
Petitioners’ second contention, too, is without merit. That the award did finally and definitely decide the matters submitted under all 10 of the items is apparent from the arbitrator’s concluding statement in the award that 6 ‘ all of the requests of the Distributors hereinabove stated are denied ’ ’.
There is merit, however, to petitioners’ objection that the award failed to dispose of the issue of jurisdiction raised by respondent as to six of the petitioners. At the hearing respondent contended that the arbitrator was without such jurisdiction because there was no written agreement to arbitrate between the respondent and the six petitioners concerned. Petitioners resisted that argument with the result that the arbitrator expressly deferred decision thereon. A fair reading of the award indicates that no decision was rendered on that question. The award specifically sets forth only the 10 requests upon which arbitration was demanded and concludes with the finding that “ all of the requests of the Distributors hereinabove stated are denied” (emphasis supplied). To this extent, therefore,the award is indefinite.
*10 Under such circumstances, the application of the petitioners is granted solely to the extent of remanding the proceeding to the same arbitrator for determination of the jurisdictional question. (Matter of Weiss [Metalsalts Corp.], 15 A D 2d 46; Matter of U. S. Vitamin Corp. [Dubin], 278 App. Div. 693.)