Argued and submitted May 18, reversed and
remanded with instructions July 13, 1981

In the Matter of

MIKE O'MALLEY,
*Respondent,*
*v.*
WILDER,
*Appellants.*

(No. 42549, CA 18919)

631 P2d 351

James M. Gillis, Newport, argued the cause for appellants. With him on the briefs was Litchfield, MacPherson, Carstens & Gillis, Newport.

Steven P. Allen, Corvallis, argued the cause for respondent. On the brief were Michael F. McClain and McClain & Brown, Corvallis.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The appellants appeal from an order of the circuit court denying their exceptions to an arbitrator's decision and entering a judgment against them for the amount of the arbitration award. The issue is whether the arbitration award should be resubmitted to the arbitrator due to his failure to make a "mutual, final and definite award upon the subject matter submitted." ORS 33.320(4). We reverse and remand to the circuit court with instructions to resubmit the matter of the arbitrator to decide all of the issues submitted.

This dispute arises out of a contract between the appellants (owners) and respondent (builder) for construction of a house. Pursuant to the contract the builder was to receive partial payment each month during construction. The owners had the right to withhold funds to cover faulty or incomplete work. The contract provided for arbitration of disputes arising between the parties.

After several months the owners had withheld approximately $21,000, claiming that there were numerous defects in construction and that certain charges were excessive. The builder disagreed and stopped work. They mutually invoked the contract's arbitration clause.

Prior to the arbitration hearing the owners submitted a "punch list" of 36 alleged faulty or incomplete items of construction. At the arbitration hearing the parties submitted additional issues orally. The arbitrator also agreed that they could subsequently submit written evidence on the issues.

The arbitrator's decision determined responsibility between the parties for certain disputed costs. He determined amounts awarded on each item, but did not state the net award. The owners refused to pay, claiming that the arbitrator left most of the construction defect issues unresolved. Subsequently, at the request of the builder, the arbitrator issued a "supplemental award," apparently to state specifically the net amount due the builder.

The builder subsequently filed this supplemental award with the county clerk (ORS 33.310), and the owners

filed exceptions. After a hearing, the circuit court granted a judgment against the owners for the net amount of the award.

■■    ORS 33.320 sets forth the statutory bases for overturning an arbitrator's award. In particular, ORS 33.320(4) states that an award is not binding until the arbitrator makes a "mutual, final and definite award upon the subject matter submitted." This requires that the arbitrator decide all of the issues submitted. *Application of MacMahon,* 187 Misc 247, 63 NYS 2d 657 (1946); *Golob v. Coca-Cola Bottling Company of New York,* 37 Misc 2d 8, 234 NYS 2d 331 (1962). If he makes no decision, he makes no "definite award" on those issues. If additional arbitration would be necessary on certain submitted issues, the award is not final as to those matters.

We need only compare the issues submitted with those decided to determine if this award should stand. All of the items on the "punch list" and all those raised at the hearing were submitted. The arbitrator stated his award covers "the issues that were framed at the time of the hearing * * *." He listed 27 issues, noted that some had been resolved, and rendered a decision on the others. It is clear that he did not decide most of the issues regarding the defects listed on the "punch list." Of the 27 items resolved by the arbitrator, only three relate to workmanship. Those three decisions relating to workmanship apparently resolved four of the items on the "punch list." The award is not final until all of the submitted issues are resolved by arbitration.

The owners also argue that the arbitrator should be required to rule on disputes regarding defects which were discovered after the hearing. This contention lacks merit. There must be some point at which the parties stop submitting issues or else no award is possible. Nothing bars them from submitting subsequent disputes to arbitration.

The case is remanded to the circuit court with instructions to return it to the arbitrator for resolution of the undecided issues.

Reversed and remanded with instructions.