DARIEN EDUCATION ASSOCIATION v. BOARD OF EDUCATION OF THE TOWN OF DARIEN

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 9, 1976—decision released February 22, 1977

*Warren W. Eginton*, with whom, on the brief, was *Sarah E. Gorman*, for the appellant (defendant).

*Martin A. Gould*, for the appellee (plaintiff).

LOISELLE, J. This is an appeal from a judgment of the Superior Court vacating an arbitration award on the ground that the arbitrator exceeded his power in rendering the award.

The controversy arose when Coleman Alexa, a teacher in the Darien school system, received an evaluation of "4" on a scale of a possible "5" for the 1973-74 school year.[1] He appealed from this rating in a procedure provided for in agreements between the defendant Darien board of education, hereinafter the board, and the plaintiff Darien Education Association, hereinafter the association. The grievance went to arbitration. With the consent of the parties, the arbitrator formulated the question submitted thus: "Was Coleman Alexa properly evaluated in Level 4 on June 11, 1974? If not, to what remedy is he entitled?" The arbitrator's award stated: "Coleman Alexa was properly evaluated in Level 4 on June 11, 1974. The grievance is denied."

The court found that an agreement between the board and the association, which was made on March 1, 1974, required that a form "B" be filled out as part of the teacher evaluation procedure, and

[1] The defendant has preserved in its brief assignments of error in three of the court's findings of fact which are claimed to have been found without evidence. Two of these findings are not supported by the evidence printed in the appendix to the plaintiff's brief and are stricken.

that one was not filled out for Alexa. The board and the association waived the use of another form because of the shortage of time to complete the 1973-74 evaluations, but they did not waive form B. The court found that the arbitrator had excused the failure of the evaluator to make out a form B for Alexa because the evaluation had to be completed in such a short time, and that the arbitrator was without authority to alter or modify the terms of the contract. The court vacated the award on the ground that the arbitrator had exceeded his power in rendering the award.

The award made no mention of form B; it is clear that the court must have examined the arbitrator's opinion in order to have discovered that the arbitrator excused its absence. The defendant claims that this was error, that a court may examine a memorandum by the arbitrator only when there is some question raised by the lack of conformity between the question submitted to arbitration and the arbitrator's award, as in *Costello Construction Co.* v. *Teamsters Local 559,* 167 Conn. 315, 355 A.2d 279; *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 201 A.2d 656; and *Niles-Bement-Pond Co.* v. *Amalgamated Local 405,* 140 Conn. 32, 97 A.2d 898.

The defendant relies on the language in *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145 Conn. 285, 289, 141 A.2d 479: "The law does not recognize the right to question an award made clearly within the terms of the submission . . . on the ground that the . . . [arbitrator was] powerless to make it." That ruling was superseded, insofar as arbitration involving industry affecting interstate commerce is concerned, by *United Steel-*

*workers* v. *Enterprise Wheel & Car Corporation,* 363 U.S. 593, 80 S. Ct. 1358, 4 L. Ed. 2d 1424, as recognized by this court in *Hudson Wire Co.* v. *Winsted Brass Workers Union,* 150 Conn. 546, 553, 191 A.2d 557.[2]

The *Enterprise Wheel & Car* decision concerned a case in which the arbitrator's opinion was ambiguous. The award might have been based either solely on legislation, in which case the arbitrator would have exceeded his authority, or on the agreement between the parties, as interpreted with the aid of law. The United States Supreme Court held (p. 598) that "[a] mere ambiguity in the opinion . . . which permits the inference that the arbitrator may have exceeded his authority, is not a reason for refusing to enforce the award." In dictum, however, the court stated that an arbitrator's "award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of this award." Id., 597.

Whether or not the award concerns an industry affecting interstate commerce, it is appropriate to follow the lead of *Enterprise Wheel & Car*. If the memorandum of an arbitrator revealed that he had reached his decision by consulting a ouija board,

[2] The rule of *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145 Conn. 285, 141 A.2d 479, was cited in *Norwich Roman Catholic Diocesan Corporation* v. *Southern New England Contracting Co.,* 164 Conn. 472, 477, 325 A.2d 274. On the facts of the latter case the reference was dictum, however, because the issue decided was not whether a reviewing court might examine the *opinion* of the arbitrator (apparently no opinion was written by the arbitrators in that case) but whether it was required to review the *evidence* submitted to the arbitrator, in order to determine whether he had exceeded his powers.

surely it should not suffice that the award conformed to the submission. It, however, defeats the purpose of arbitration, which is to avoid litigation, to permit awards to be set aside for mere errors on the ground that errors are "outside the powers" of the arbitrators. "[U]nless his memorandum patently shows an infidelity to his obligation, the result reached by the award, and not the memorandum, controls." *Hudson Wire Co.* v. *Winsted Brass Workers Union,* supra, 553.

In this case, the opinion of the arbitrator shows that he considered the association's claim that "the failure to make out a Form B – Report of Formal Observation – for Alexa, constitutes a failure of due process, and this in itself is justification for granting him a 5 rating." He then gave three reasons for not adopting this argument: (1) There was no showing that the omission of the form was harmful to Alexa; (2) Alexa waived any procedural defect by not raising the issue in a timely fashion; and (3) the pressure of time excused the absence of the form in this case.

An arbitrator need not even make specific mention of the claim of a party, and may find that certain requirements of a contract may be waived. *Von Langendorff* v. *Riordan,* 147 Conn. 524, 163 A.2d 100; see also *Waterbury Board of Education* v. *Waterbury Teachers Assn.,* 168 Conn. 54, 62, 357 A.2d 466; *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 123–24, 318 A.2d 84.

This court has held that it is error to vacate an award even when it is shown that the arbitrators considered matters outside the contract, if it is not also shown that they relied on those matters in making the award. *New Britain Machine Co.* v.

*Lodge 1021,* 143 Conn. 399, 122 A.2d 786. It is not necessary to decide whether, if the arbitrator had rejected the association's form B claim solely on the ground of the pressures of time, he would have exceeded his powers. He gave two other reasons, which the court did not find to be outside his power, for rejecting the claim. The time factor was clearly not determinative. It has not been shown that the arbitrator relied on it in making the award or was otherwise unfaithful to his obligation. Therefore, the result reached by the award controls, and it conforms to the submission.

There is error, the judgment is set aside and the case is remanded with direction to render judgment dismissing the plaintiff's application and, upon the defendant's motion, confirming the award.

In this opinion the other judges concurred.