BOARD OF EDUCATION OF THE CITY OF HARTFORD *v.*
LOCAL 818, COUNCIL 4, AFSCME, AFL-CIO
(3581)

DUPONT, C. J., HULL and BORDEN, Js.

Argued October 2—decision released December 24, 1985

*H. Maria Cone,* assistant corporation counsel, with whom, on the brief, was *Richard H. Goldstein,* corporation counsel, for the appellant (plaintiff).

*J. William Gagne, Jr.,* with whom, on the brief, was *Barbara J. Collins,* for the appellee (defendant).

HULL, J. In this action, the plaintiff, Hartford board of education (board), appeals from the judgment of the trial court denying its application, brought pursuant to General Statutes § 52-418,[1] to vacate an arbitration award. The board claims on appeal that the award impermissibly conflicted with the underlying collective bargaining agreement between the parties and, therefore, the court erred in refusing to vacate it. Because we conclude that the award not only was consistent with the agreement but also conformed to the submission, we find no error.

The following facts, disclosed by the record, are relevant. The defendant, Local 818 of Council 4, American Federation of State, County and Municipal Employees (union), and the board entered into a collective bargaining agreement. In the agreement, the parties consented to grieve certain disputes, including those concerning employee discipline. One of the union members (employee), was fired by the board. The union, claim-

---

[1] General Statutes § 52-418 provides in pertinent part as follows: "(a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

ing that the discharge was not justified, grieved the disciplinary action to arbitration. An arbitration hearing was held by a three member panel from the Connecticut state board of mediation and arbitration. When the parties were unable to agree on the issue to be submitted, the arbitrators chose the union's formulation and framed the issue as follows:[2] "Whether or not [the employee] was discharged for just cause. If not, what should the remedy be?"[3] The arbitrators, finding that the employee had not been terminated for just cause, rendered an award ordering, inter alia, that the employee be reinstated.[4]

In support of its application to vacate, the board made three claims: (1) the arbitrators exceeded their authority by adopting a standard for termination that conflicts with the contractually established standard; (2) the arbitrators misapplied the doctrine of progressive discipline; and (3) the arbitrators' award exceeded the scope of the submission. The trial court denied the board's application to vacate and the board appealed to this court pursuing essentially the same claims of error.[5]

---

[2] The board does not contest that, under the agreement, the arbitrators have the authority to frame the issue where the parties can not agree.

[3] The board phrased the issue as follows: "Whether [the employee] was discharged in accordance with Article XII of the collective bargaining agreement between the Hartford Board of Education and Buildings and Grounds Supervisors Local 818."

[4] The full text of the award provides: "The grievant was not discharged for just cause in accordance with the collective bargaining agreement between the parties. The grievant shall be suspended without pay for two (2) weeks. Said suspension commencing August 14, 1980 (the date of termination) and continuing for ten (10) working days (2 weeks). The grievant shall then be reinstated and the Board of Education shall make him whole for all losses including seniority and other benefits and back-pay less monies received from Workmens Compensation, Unemployment Compensation and any other earnings."

[5] In this appeal, the board did not argue separately that the award exceeded the scope of the submission. This ground of error was, however, incorporated into the board's two other claims.

The board claims that the arbitrators issued an award that conflicts with the underlying collective bargaining agreement and thereby exceeded their authority. In support of this contention, the board relies on Article XII of the contract in which the parties agreed that "[a]ll disciplinary actions shall be applied in a fair manner and shall not be inconsistent with the infraction for which the disciplinary action is being applied." The board argues that the just cause standard adopted differs from the fair manner standard and, accordingly, its use by the arbitrators rendered their award invalid.

The scope of judicial review of arbitration awards is very narrow. "Our courts favor arbitration as a means of settling differences and uphold the finality of arbitration awards except where an award clearly falls within the proscriptions of § 52-418 of the General Statutes. *International Union* v. *Fafnir Bearing Co.,* 151 Conn. 650, 653, 201 A.2d 656 [1964]; *United Electrical Radio & Machine Workers* v. *Union Mfg. Co.,* 145 Conn. 285, 288, 141 A.2d 479 [1958]." *Norwich R. C. Diocesan Corporation* v. *So. N. E. Contracting Co.,* 164 Conn. 472, 475, 325 A.2d 274 (1973). Subsection (a) (4) of General Statutes § 52-418, the subsection under which the board pursues its claims of error, provides in part that an award is invalid "if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." Generally, "any challenge to an award pursuant to General Statutes [§ 52-418 (a) (4)] on the ground that the arbitrators exceeded or imperfectly performed their powers is properly limited to a comparison of the award with the submission. *Caldor, Inc.* v. *Thornton,* 191 Conn. 336, 340, 464 A.2d 785 (1983); *Bruno* v. *Department of Consumer Protection,* 190 Conn. 14, 18, 458 A.2d 685 (1983)." *Trumbull* v. *Trumbull Police Local 1745,* 1 Conn. App. 207, 212, 470 A.2d 1219 (1984). If the award

conforms to the submission, the arbitrators have not exceeded their powers. *Bic Pen Corporation* v. *Local No. 134,* 183 Conn. 579, 584, 440 A.2d 774 (1981).

There are limited circumstances in which a court will conduct a broader review of an arbitrator's decision. Where one party claims that the award, as issued, is inherently inconsistent with the underlying collective bargaining agreement, the court will compare the agreement with the award to determine whether the arbitrator has ignored his obligation to interpret and apply that agreement as written. *Hudson Wire Co.* v. *Winsted Brass Workers Union,* 150 Conn. 546, 553, 191 A.2d 557 (1963). This additional analysis is conducted pursuant to such a claim because "an arbitrator's 'award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of this award.' " *Darien Education Assn.* v. *Board of Education,* 172 Conn. 434, 437, 374 A.2d 1081 (1977), quoting *United Steelworkers* v. *Enterprise Wheel & Car Corporation,* 363 U.S. 593, 597, 80 S. Ct. 1358, 4 L. Ed. 2d 1424 (1960). If, for example, there was evidence that "revealed that [the arbitrator] had reached his decision by consulting a ouija board, [it would] not suffice that the award conformed to the submission." *Darien Education Assn.* v. *Board of Education,* supra, 437–38. It must be emphasized, however, that merely claiming inconsistency between the agreement and the award will not trigger judicial examination of the merits of the arbitration award. Rather, in the face of such a claimed inconsistency, this court will review the award only to determine whether it "draws its essence from the collective bargaining agreement." *United Steelworkers* v. *Enterprise Wheel & Car Corporation,* supra, 597.

In this case, a comparison of the contract and the award does not support the board's claim that the arbitrators failed to interpret the agreement as written. The award ordered reinstatement of the employee because he had not been terminated for "just cause." The contract required that disciplinary actions be applied in a "fair manner" and consistent with the nature of the infraction for which the disciplinary action was taken. A requirement of just cause for termination and a requirement of fairness in discipline are not so inconsistent as to give rise to an inference that the arbitrators did not reach their decision by interpreting the parties' agreement.

This conclusion that the arbitrators acted properly is supported by an examination of their memorandum of decision. In the memorandum, the arbitrators stated that "[i]t is [our position] that any disciplinary acts taken *under Article XII* against any employee must always be taken for just cause." (Emphasis added.) It is clear from this language that the arbitrators were interpreting the terms of the agreement. "It is true that the award rather than the finding and conclusions of fact controls and, ordinarily, the memorandum of an arbitrator is irrelevant. *American Brass Co.* v. *Torrington Brass Workers' Union,* 141 Conn. 514, 522, 107 A.2d 255 [1954]; *Von Langendorff* v. *Riordan,* 147 Conn. 524, 527, 163 A.2d 100 [1960]. There is no legal doctrine, however, which dictates the exclusion of an aribtrator's opinion or which forbids its examination in the determination whether . . . an arbitrator in his award has demonstrated infidelity to his obligation." *International Union* v. *Fafnir Bearing Co.,* supra, 654. Here, an examination of the award and of the arbitrators' memorandum of decision reveals no infidelity. Accordingly, the trial court did not err by refusing to vacate the award on this ground.

The other claim[6] of error raised by the board is that the arbitrators "misapplied the doctrine of progressive discipline."[7] This is merely another way of asserting that the "arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." General Statutes § 52-418 (a) (4). The general rule, as outlined above, is that review of a claim that the arbitrators have exceeded their authority is limited to a comparison of the award with the submission. *Trumbull* v. *Trumbull Police Local 1745*, supra, 212. The comparison is made to determine if the award and the submission conform. Once the court determines that the two do conform, its inquiry is ended. *Waterbury* v. *Waterbury Police Union Local 1237*, 176 Conn. 401, 404, 407 A.2d 1013 (1979). The submission, here, was "[w]hether or not [the employee] was discharged for just cause. If not, what should the remedy be?" The award was "[t]he grievant was not discharged for just cause in accordance with the collective bargaining agreement between the parties." The award conformed precisely to the submission. Under such circumstances, this court need not look further.

There is no error.

In this opinion the other judges concurred.

---

[6] The board also claimed on appeal that the arbitrators erred in ordering a payment of back pay without ordering a hearing to determine damages. This claim was not, however, raised below. "We need not consider this claim because the defendant has not demonstrated that 'it was distinctly raised at the trial or arose subsequent to the trial.' Practice Book § 3063; *Chaplin* v. *Balkus*, 189 Conn. 445, 447, 456 A.2d 286 (1983); *State* v. *McCall*, 187 Conn. 73, 87–88, 444 A.2d 896 (1982)." *Aetna Life & Casualty* v. *Miscione of Connecticut, Inc.*, 193 Conn. 435, 437, 476 A.2d 577 (1984).

[7] The board contends that the parties agreed to be bound by such a doctrine by incorporating in their contract an employee discipline procedure which begins with a mild sanction and increases in severity until culminating in termination of the employee.