[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON APPLICATION TO VACATE ARBITRATION AWARD
Pursuant to an August 8, 1996 Application to Vacate Arbitration Award, plaintiff American Federation of State County and Municipal Employees, Council 4, Local 1522 (the "Union") is seeking an order vacating an arbitration award involving a dispute between the Union and the City of Bridgeport. The Union has filed a November 18, 1996, brief in support of its application to vacate. Defendant City of Bridgeport (the "City") has filed an October 29, 1997, brief in support of its objection to the application to vacate.
The facts, as set forth in the Union's brief, are, uncontested. The Union and the City are parties to a collective bargaining agreement (the "contract"). Under the terms of the contract, the Union filed a grievance on behalf of eight of its members. The grievance proceeded to the State Board of Mediation and Arbitration. The grievance related to the City's denial of holiday pay for certain union members who worked on December 31, 1993, New Year's Eve, a holiday. Several of the employees called in sick and did not work the day before the holiday. The City paid these workers double time pay but did not pay them additional holiday pay for working on the holiday. This precipitated the filing of a grievance.
The submission before the arbitration panel stated as follows:
"What disposition shall be made on Case No. 9495-A-265?"
The panel analyzed the relevant contractual provisions, which are as follows:
 6-1. All members of the bargaining unit shall be paid and have the following days off as holidays: New Year's Day, Martin Luther King's Birthday, CT Page 13897 Lincoln's Birthday, Washington's Birthday, Good Friday, Memorial Day, Independence Day, Labor Day, Columbus Day, and any holiday officially proclaimed as such by the President of the United States of America, the Governor of the State of Connecticut, or by the Mayor of the City.
 6-3. If any employee is required to work on a holiday, s/he shall be paid double time plus holiday pay.
 6-4. Employees are required to work the day before a holiday and the day after a holiday, as defined in 6-1 in order to receive pay for the holiday, unless excused in advance on either day for reasons acceptable to the City. Such excusal shall not be unreasonably withheld. Any dispute arising hereunder shall be subject to the provisions of Article X.
The panel, in an arbitration award dated July 16, 1996 — with the labor member dissenting — stated it findings as follows:
 The majority of the panel finds that the City's position in this matter must be sustained. Article VI, Section 6-4 clearly states "Employees are required to work the day before and after a holiday, unless excused in advance on either day for reasons acceptable to the City. Such excusal should not be unreasonably withheld. Any dispute arising hereunder shall be subject to the provisions of Article X, (Grievance procedures)." Based on all of the evidence before this Panel, it is found that the grievance must be denied.
The Union, on receipt of the award, filed its application to vacate. The Union argues that the award should be vacated because the arbitration panel exceeded its powers such that a mutual, final and definite award was not rendered, in violation of General Statutes Section 52-418 (a) (4). The Union argues, more specifically, that the arbitrators rendered an award which is internally inconsistent with the terms of the contract and which shows an infidelity by the arbitrators to their duty to interpret the terms of the contract. See Union's November 18, 1996, Brief CT Page 13898 in Support at pages 6 through 11. There is a "past practice," argues the City, that excludes sick days from the restriction of Section 6-4. The arbitrators erred, argued and Union in oral argument on December 1, 1997, by applying Section 6-4 to Section6-3 in their interpretation of the contract.
The City responds by noting that the submission was extremely broad, and contends that the arbitrators' interpretation of the contractual provisions was reasonable and appropriate. Section 6-4 qualifies Section 6-3, as the panel concluded, argues the City. The sole issue, the City adds, was whether the subject employees were entitled to holiday pay in light of the qualifying language of Section 6-4.
DISCUSSION
Courts favor arbitration as a means of settling disputes.Watertown Police Union, Local 541 v. Town of Watertown,210 Conn. 333, 338 (1989). The arbitrator's award must draw its essence from the contract, and the arbitrator cannot simply "dispense his own brand of industrial justice." Hudson Wire Co. v. WinstedBrass Worker's Union, 150 Conn. 546, 553 (1963). When comparing the contract with the award the court may examine the merits of the arbitrator's decision. Darien Education Assn. v. Board ofEducation of the Town of Darien, 172 Conn. 434, 437-438 (1977). As the court in Hudson Wire stated, "The moving party must prove that the memorandum patently shows an infidelity to [the arbitrator's] obligation [to interpret the contract]." HudsonWire, 150 Conn. at 553.
"Arbitration awards are generally upheld and . . . [courts] give great deference to [the] arbitrators['] decision since arbitration is favored as a means of settling disputes." Board ofEducation v. AFSCME, 195 Conn. 266, 270 (1985). "Every reasonable presumption and intendment will be made in favor of the award and of the arbitrators' acts and proceedings." Bic Pen Corp. v. Local134, 183 Conn. 579, 585 (1981).
Where an award is attacked on the ground that the arbitrators exceeded their authority, the court must examine the award to determine if it conforms to the submission. O G/O'Connell JointVenture v. Chase Family Limited Partnership No. 3, 203 Conn. 133,153 (1987); Bic Pen Corporation v. Local No. 134, 183 Conn. 579,584 (1981). If it does conform, a claim that the arbitrators exceeded their authority is generally without merit. O CT Page 13899G/O'Connell Joint Venture, supra at 154.
Merely claiming inconsistency between the agreement and the award will not trigger judicial examination of the merits of the arbitration award. "Rather, in the face of such a claimed inconsistency, [the] court will review the award only to determine whether in `draws its essence from the collective bargaining agreement'." Board of Education v. Local 818, supra, citing United Steelworkers v. Enterprise Wheel Car Corporation,363 U.S. 593, 597 (1960).
Having reviewed the full record and examined Sections 6-1,6-3 and 6-4, I cannot agree with the Union's arguments that the arbitrators violated Section 52-418 (a) (4), that the award is not derived from the essence of the contract, or that the arbitrators showed an infidelity to their duty by misinterpreting the contract.
I agree with the City that the arbitrators denied the claim for holiday pay by reasonably and plausibly interpreting the contractual provisions relating to holiday pay, and by reasonably interpreting Section 6-3 in light of the qualifying language of Section 6-4. See Article X of contract, Grievance and Arbitration Procedure, Section 10-1, which empowers the arbitrators to resolve disputes concerning the "application, meaning or interpretation" of the contract as long as they neither add to nor subtract from the terms of the agreement as written. While the Union may not agree with the arbitrators' interpretation, and puts forth its own interpretation of the relevant provisions, this mere difference of opinion as to the construction of the contract does not result in the application to vacate being granted. Cf. Hudson Wire, supra, at 553. The panel's conclusion that employees who failed to work the day before the New Year's holiday were not entitled to holiday pay conforms to the broad and unrestricted submission of this case.
Consequently, the Union's application to vacate is denied, and the City's objection is sustained.
Douglas S. Lavine Judge, Superior Court CT Page 13900