[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: APPLICATION TO VACATE AND TO CONFIRM ARBITRATION AWARD
The plaintiff, AFSCME, Council 15, Local 1159, AFL-CIO (union), has filed an application to vacate an arbitration award pursuant to General Statutes § 52-418. The defendant, city of Bridgeport, opposes the application and has filed a cross-application to confirm the award.
The following facts were stipulated to by the parties. Kenneth Dolan, a Bridgeport police officer, was accused of shoplifting while working an CT Page 12063 extra duty security job at an A P Supermarket on May 27, 1989.[1] In July, 1990, the Bridgeport board of police commissioners held hearings on the charges. On July 19, 1990, the board terminated Dolan's employment based on its finding that he had committed the charged offenses. Pursuant to the grievance procedure set forth in the collective bargaining agreement between the parties, the union contested the termination of Dolan by filing for arbitration before the state board of mediation and arbitration. The arbitration hearings began on May 3, 1996, and continued through March 6, 1998. Because the parties were unable to agree on a submission,[2] the arbitrators, pursuant to § 31-91-35 (b) of the Regulations of Connecticut State Agencies,[3] unanimously framed the following submission: "Was Kenneth Dolan disciplined for just cause? If not, what shall the remedy be?"[4] On August 31, 1998, the arbitrators made various findings and issued the following award: "The grievance is denied. The grievant, Kenneth Dolan, was disciplined for just cause." Thereafter, the union timely filed its application to vacate the arbitration award.
"The scope of judicial review of arbitration awards is very narrow." (Internal quotation marks omitted.) Exley v. Connecticut Yankee GreyhoundRacing, Inc., 59 Conn. App. 224, 228 (2000), cert. denied, 254 Conn. 939
(2000). "When the parties agree to arbitration and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with the efficient and economical system of alternate dispute resolution." (Citations omitted; internal quotation marks omitted.) Stratford v. International Assn. of Firefighters,AFL-CIO, Local 998, 248 Conn. 108, 114-15 (1999).
"Every reasonable presumption is made in favor of sustaining the award . . . and the burden of demonstrating the nonconformance of the award to the submission is on the party challenging the arbitrator's decision." (Citation omitted.) Bruno v. Dept. of Consumer Protection, 190 Conn. 14,19 (1983). "[A]rbitration is a creature of contract. . . . Therefore, it is the arbitrator's judgment that was bargained for and contracted for by the parties, and we do not substitute our own judgment merely because our interpretation of the agreement or contract at issue might differ from that of the arbitrator." (Citations omitted.) Stratford v. InternationalAssn. of Firefighters, AFL-CIO, Local 998, supra, 248 Conn. 116.
"Certain conditions do exist, however, under which we conduct a more CT Page 12064 searching review of arbitral awards. In Garrity v. McCaskey, 223 Conn. 1,6 (1992), our Supreme Court reiterated that there are three grounds for vacating an award when the submission is unrestricted. These grounds arise when the award (1) rules on the constitutionality of a statute, (2) violates clear public policy or (3) contravenes one or more of the statutory proscriptions of General Statutes § 52-418." (Internal quotation marks omitted.) State v. AFSCME, Council 4, Local 2663,AFL-CIO, 59 Conn. App. 793, 796, cert. denied, 255 Conn. 905 (2000).
The union first argues that the award should be vacated pursuant to General Statutes § 52-418 (a)(4)[5] because "the arbitrators exceeded their authority by framing an issue which fails to conform to the arbitration clause in the parties collective bargaining agreement." (Application to Vacate, ¶ 15.) Specifically, the union argues that the arbitrators framing of the submission foreclosed the arbitrators from exercising their full authority under the collective bargaining agreement, namely the power to modify the discipline imposed on Dolan in the event they determined the discipline was too harsh.
As an initial matter, the court notes that the award in this case arose out of an authorized board-worded unrestricted submission, contracted for by the parties. See Hamden v. AFSCME, Council 4, Local 818, Superior Court, judicial district of New Haven at New Haven, Docket No. 351591 (February 24, 1994, Martin, J.). Therefore, the determination of whether the arbitration board exceeded its authority in violation of § 52-418
(a)(4) is limited to a comparison of the award with the submission. However, "[w]here one party claims that the award, as issued, is inherently inconsistent with the underlying collective bargaining agreement [in violation of § 52-418 (a)(4)], the court will compare the agreement with the award to determine whether the arbitrator has ignored his obligation to interpret and apply that agreement as written. . . . It must be emphasized, however, that merely claiming inconsistency between the agreement and the award will not trigger judicial examination of the merits of the arbitration award. Rather, in the face of such a claimed inconsistency, this court will review the award only to determine whether it draws its essence from the collective bargaining agreement." (Citations omitted; internal quotation marks omitted.) Board of Education v. Local 818,5 Conn. App. 636, 640 (1985). The claim raised by the union warrants this broader review.
In the present case, a comparison of the collective bargaining agreement and the award does not support the union's claim that the arbitration award "directly conflicts" with the agreement. Article 6, § 3, of the collective bargaining agreement provides in relevant part that "[i]f an employee is . . . disciplined . . . [the arbitration board] CT Page 12065 shall have the power to uphold the action of the city or to rescind or modify such action, and such power shall include, but shall not be limited to the right to reinstate a suspended or discharged employee with full back pay." In their award, the arbitrators upheld the city's decision to discipline Dolan, finding "no fault with the city's conclusion in the matter." In their memorandum of decision, the arbitrators stated:
 While we often take a good work record into consideration when weighing discipline the panel finds this not enough of a mitigating circumstance . . . that it would compel a different decision than that made by the police commission. It is axiomatic that the degree of penalty should be in keeping with the seriousness of the offense. . . . In this case, the panel agrees with the police commission's findings [that] "the charges of which the officer was found guilty, especially larceny while on duty and while wearing his police uniform, are so serious as to warrant a penalty that prevents this person from serving as a police officer in the future. The citizens of Bridgeport must have police officers who are themselves free of serious violations of the law and who can therefore impartially enforce the laws, including major laws such as those prohibiting larceny.' . . . The panel finds that a police department that is perceived to function with less than the highest standards of propriety is, usually, quite vulnerable to severe criticism and retaliation from the citizens it serves. The panel finds the city and the department have every right and duty to protect their image.
(Citations omitted.) (Arbitration Award, p. 5.)
Based on the foregoing, the court finds that the arbitration award draws its essence from the collective bargaining agreement. Furthermore, even if the arbitrators had framed the submission as suggested by the union, this would not compel the arbitrators to reach a different decision. The outcome as reflected in the award would remain the same because the arbitrators expressly found that termination was the appropriate remedy under the circumstances. Accordingly, the court concludes that the arbitrators did not exceed their authority pursuant to § 52-418 (a)(4).
The union also argues that the arbitration award should be vacated CT Page 12066 pursuant to General Statutes § 52-418 (a)(4), as it is in manifest disregard of the law. Specifically, the union argues that the award is in manifest disregard of the law because "the agreement clearly affords arbitrators the power to modify discipline yet the arbitrators framed an issue which denied themselves the latitude to do so." (Plaintiff's Memorandum, p. 11.)
"[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418 (a)(4) because the arbitrator has exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . . [T]he manifest disregard of the law ground for vacating an arbitration award [however] is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles.
"So delimited, the principle of vacating an award because of a manifest disregard of the law is an important safeguard of the integrity of alternate dispute resolution mechanisms. Judicial approval of arbitration decisions that so egregiously depart from established law that they border on the irrational would undermine society's confidence in the legitimacy of the arbitration process. . . . Furthermore, although the discretion conferred on the arbitrator by the contracting parties is exceedingly broad, modern contract principles of good faith and fair dealing recognize that even contractual discretion must be exercised for purposes reasonably within the contemplation of the contracting parties. . . .
"In Garrity [v. McCaskey, supra, 223 Conn. 1, 9, our Supreme Court] adopted the test enunciated by the United States Court of Appeals for the Second Circuit in interpreting the federal equivalent of § 52-418 (a) (4). . . . The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." (Internal quotation marks omitted.)Preston v. State Division of Criminal Justice, 60 Conn. App. 853,862-63, cert. denied, 255 Conn. 936 (2001).
In the present case, the union has failed to satisfy the first and third elements of the above test. As to the first element, the union has failed to demonstrate any obvious error in the arbitrators' application CT Page 12067 of the law in this matter. As to the second and third element, the union has not identified a well defined, explicit, and clearly, applicable law ignored by the arbitrators. Therefore, the court finds that the arbitration award is not in manifest disregard of the law. Accordingly, the court concludes that the arbitrators did not exceed their authority pursuant to § 52-418 (a)(4).
In conclusion, for all the foregoing reasons, the plaintiff's application to vacate the arbitration award is denied and the defendant's application to confirm the award is granted.
RUSH, J.