[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed an application with the court to vacate, modify or correct an arbitration award involving a contractual dispute with the defendant. The defendant has filed an application to confirm the arbitration award.
The plaintiff employs approximately 1,000 employees. Eighteen of its employees are maintenance workers for whom the defendant is the collective bargaining representative. The plaintiff and the defendant entered into a collective bargaining agreement effective September 1, 1999 through August 31, 2003. The agreement provides for the following annual wage increases: 2.5% effective September 1, 1999; 3% effective September 1, 2000; 3% effective September 1, 2001; and 3% effective September 1, 2002. The collective bargaining agreement also contains a clause referred to by the parties as a "most favored nation" clause which provides: "In addition, in years one (1) through four (4), should Griffin Hospital employees be granted a wage increase over and above the amount of the negotiated settlement, Teamsters members will be given the additional percentage amount retroactive to September 1."
On September 1, 2000, the employees represented by the defendant were given the wage increase of 3% specifically called for in the collective bargaining agreement. On September 28, 2000, the plaintiff announced that, effective October 1, 2000, registered nurses in patient care positions employed by the plaintiff would receive an 8% salary increase. On October 20, 2000, the defendant filed a grievance under its collective bargaining agreement with the plaintiff alleging that the plaintiff violated that agreement by failing to give its members the same 8% wage increase given registered nurses in patient care positions. The plaintiff denied the defendant's grievance and the matter was submitted for arbitration in accordance with the collective bargaining agreement.
The parties agreed to the following submission to the arbitrator: "Did the Employer violate the 1999-2003 Collective Bargaining Agreement at CT Page 15439 page 24 "Wage increases for Agreement Years September 1, 1999, through August 31, 2003, by giving Registered Nurses in patient care positions an 8% increase effective October 1, 2000, but failing to give the members the same increase? If so what shall the remedy be?"
A hearing was held before the arbitrator at which both parties presented evidence. On October 29, 2001, the arbitrator issued a written award in which he sustained the defendant's grievance and awarded all bargaining unit employees employed by the plaintiff on September 28, 2000 an additional wage increase of 5% retroactive to that date. On November 27, 2001, the plaintiff filed with this court the subject application to vacate, correct or modify the arbitration award. The defendant filed an application to confirm the arbitration award on December 14, 2001.
The plaintiff seeks to vacate the arbitrator's award on the grounds that the it exceeds the scope of the submission, it is inherently inconsistent and it involves a patently irrational application of the law. The plaintiff, in the alternative, seeks to modify the award to correct a material miscalculation of figures. The defendant disputes the plaintiffs claims that the award is defective and should be vacated. The defendant does concede that the award should be slightly modified as it contains a miscalculation of the precise amount of the wage increase due its members.
The scope of judicial review of an arbitrator's decision depends on whether the submission to the arbitrator was restricted or unrestricted.United States Fidelity Guaranty Co. v. Hutchinson, 244 Conn. 513,520 (1998).
The plaintiff contends that the submission in this case is a restricted one. The plaintiff argues that the provision in the parties' collective bargaining agreement prohibiting the arbitrator from adding to or modifying its terms and the language of the submission itself result in a restricted submission. I do not agree.
"In determining whether a submission is unrestricted, we look at the authority of the arbitrator. The authority of the arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted." (Internal quotation marks omitted.) Perkins Mario, P.C. v. Annunziata, 45 Conn. App. 237,239-40, (1997). See also United States Fidelity Guaranty Co. v.Hutchinson, supra, 244 Conn. 519. CT Page 15440
In this case, the arbitration provision of the parties' collective bargaining agreement authorizes the referral of an unresolved grievance for arbitration by a single arbitrator selected in accordance with the procedures of the American Arbitration Association. The arbitration provision provides that the award of the arbitrator shall be final, conclusive and binding upon the parties. The collective bargaining agreement further provides that: "The arbitrator shall have jurisdiction only over disputes concerning grievances as defined in the contract and shall have no power or authority to add to, subtract from or modify in any way the terms of this Agreement."
The arbitration provision of the parties' collective bargaining agreement authorizes the arbitrator to fully resolve submitted grievances but to do so within the language and terms of the agreement and not by altering or modifying its terms. A simple ban on altering or modifying the terms of a collective bargaining agreement does not rise to the level of "express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review recognized as the basis of a restricted submission. Perkins Mario, P.C. v.Annunziata, supra, 45 Conn. App. 239-40.
The parties submitted the following issue to the arbitrator: "Did the Employer violate the 1999-2003 Collective Bargaining Agreement at page 24 `Wage increases for Agreement Years September 1, 1999, through August 31, 2003, by giving Registered Nurses in patient care positions an 8% increase effective October 1, 2000, but failing to give the members the same increase? If so what shall the remedy be?"
Contrary to the assertion of the plaintiff, this submission of the parties is unrestricted. It does not contain any limitations, restrictions or conditions which render it a restricted submission. Submissions containing similar language have been deemed to be unrestricted by the appellate courts of this state. See e.g. Bic Pen Corporation v. Local No.134, 183 Conn. 579 (1981) ("Did the Company (Bic) violate Article IV(n) or other relevant provision of the December 1975 collective bargaining agreement in its distribution of overtime to toolmakers after January 5, 1976? If so, what shall be the remedy?"); City of Hartford v.International A., Firefighters, 49 Conn. App. 805 (1998) ("Did the plaintiff violate the agreement with the defendant when it became self insured on July 1, 1991? If so, what shall be the remedy?"); and Board ofEducation v. Waterbury Teachers Assn., 2 Conn. App. 346 (1984) ("Did the Board violate the Agreement's Article XX, Section 17 — Recall — provision by not recalling Linda McGill from the layoff effective September, 1976 until February 6, 1978? If so, what shall the remedy be?"). CT Page 15441
The scope of a court's review of arbitral decisions concerning an unrestricted submission is exceedingly limited. "`When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Hartford v. Board of Mediation Arbitration, 211 Conn. 7,14, 557 A.2d 1236 (1989); New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 415-16, 544 A.2d 186 (1988). Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution.Middletown v. Police Local, No. 1361, 187 Conn. 228, 230, 445 A.2d 322
(1982); State v. Connecticut Employees Union Independent, 184 Conn. 578,579, 440 A.2d 229 (1981).' Garrity v. McCaskey, 223 Conn. 1, 4-5,612 A.2d 742 (1992). `Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved.' (Internal quotation marks omitted.) Caldor, Inc. v.Thornton, 191 Conn. 336, 340-41, 464 A.2d 785 (1983), aff'd, 472 U.S. 703,105 S.Ct. 2914, 86 L.Ed.2d 557 (1985)." Stratford v. Intl. Assn. ofFirefighters, 248 Conn. 108, 114 (1999).
These well established principles are tempered by the recognition that a court may vacate an arbitration award on the following grounds: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of General Statutes § 52-418. Id., 116. The plaintiff argues that the arbitration award violates the provisions of § 52-418 (a) in that the arbitrator has exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Specifically, the plaintiff asserts that the award should be vacated because it is inherently inconsistent with the underlying collective bargaining agreement and it manifests an egregious or patently irrational application of the law.
The plaintiff maintains that the arbitrator exceeded the scope of the submission and materially altered the terms of the collective bargaining agreement by concluding that in all cases where any Griffin Hospital employee receives any wage increase, the Teamsters must receive the same increase. An analysis of the arbitrator's award establishes that it does not exceed the submission and it is not inherently inconsistent with the underlying agreement. CT Page 15442
"There are limited circumstances in which a court will conduct a broader review of an arbitrator's decision. Where one party claims that the award, as issued, is inherently inconsistent with the underlying collective bargaining agreement, the court will compare the agreement with the award to determine whether the arbitrator has ignored his obligation to interpret and apply that agreement as written. Hudson WireCo. v. Winsted Brass Workers Union, 150 Conn. 546, 553, 191 A.2d 557
(1963). This additional analysis is conducted pursuant to such a claim because "an arbitrator's "award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of this award.' Darien EducationAssn. v. Board of Education, 172 Conn. 434, 437, 374 A.2d 1081 (1977), quoting United Steelworkers v. Enterprise Wheel Car Corporation,363 U.S. 593, 597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). . . . It must be emphasized, however, that merely claiming inconsistency between the agreement and the award will not trigger judicial examination of the merits of the arbitration award. Rather, in the face of such a claimed inconsistency, this court will review the award only to determine whether it "draws its essence from the collective bargaining agreement.'" Boardof Education v. Local 818, 5 Conn. App. 636, 640 (1985).
A comparison of the arbitrator's award in this case with the collective bargaining agreement does not support the plaintiffs claim that the award is inherently inconsistent with the agreement. The award itself simply states that "The grievance is sustained. All members of Teamsters Local 677 employed by the Hospital on September 28, 2000, will receive a wage increase of 5% retroactive to that date." There is nothing on the face of this award that is manifestly inconsistent with the collective bargaining agreement.
The plaintiff bases its claim on language contained in the memorandum of decision accompanying the award. It is the award, rather than findings of fact and conclusions, which controls and the memorandum of an arbitrator is generally irrelevant. Id., 641.
Moreover, an examination of the arbitrator's memorandum of decision fails to support the plaintiffs argument. The issue before the arbitrator was whether the members of the Teamster's Union were entitled under the collective bargaining agreement to a wage increase similar to the 8% wage increase given by the plaintiff to nurses in patient care. The defendant argued before the arbitrator that the most favored nation clause of the agreement applied to any wage increase given any employee of Griffin Hospital, i.e. should any Griffin Hospital employees be granted any wage increase over and above the amount expressly given union members in the CT Page 15443 collective bargaining agreement, Teamsters members must be given the same percentage increase. In contrast, the plaintiff argued before the arbitrator that the most favored nation clause only applied to general across the board wage increases given to Griffin Hospital employees and not to market increases for specific employee groups, such as the 8% wage increase given to nurses in patient care. In interpreting the most favored nation clause of the agreement, the arbitrator concluded that "In short, there is no reason of which I am aware why the expression "Griffin Hospital employees' cannot be interpreted to meany any Griffin Hospital employee and similarly, `wage increase' to include any wage increase." (Emphasis in original.)
Rather than embodying a claim of inherent inconsistency, the plaintiffs complaint with the award constitutes a quarrel with the arbitrator's interpretation of the collective bargaining agreement. "[A] mere difference of opinion as to the construction of the contract does not establish that the arbitrators exceeded their authority." AFSCME, Coun.4, Loc. 1522, AFL-CIO v. Bridgeport, 53 Conn. App. 702, 706 (1999). This court may not substitute its interpretation of the collective bargaining agreement for that of the arbitrator. Metropolitan District Comm. v.AFSCME, Council 4, 35 Conn. App. 804 (1994).
The plaintiff also contends that the arbitration award manifests an egregious or patently irrational application of the law.[1] The plaintiff maintains that the arbitrator ignored the governing law concerning binding past practices.[2] A review of the arbitrator's decision does not support the plaintiff's claim.
"An award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418 (a) (4) because the arbitrator has exceeded his powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. We emphasize, however, that the "manifest disregard of the law' ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Internal quotation marks omitted.) Saturn Construction Co.v. Premier Roofing Co., 238 Conn. 293, 304 (1996).
The standard for determining whether an arbitrator has manifestly disregarded the law is well established. "The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the arbitration panel manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person CT Page 15444 qualified to serve as an arbitrator; (2) the arbitration panel appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the arbitration panel is well defined, explicit, and clearly applicable." Id., 305.
The plaintiff argues that the arbitrator ignored the law governing enforceable past practices. Further explication of the arbitration proceeding is necessary to resolve this claim.
The plaintiff argued at the hearing before the arbitrator that the interpretation of the wage increase provision of the collective bargaining agreement should be governed by the past practice of the parties. The plaintiff provided evidence that, in prior years, market increases given to specific non-bargaining unit employee groups were not given to the defendant's members. The plaintiff contended that this consistent "past practice" established that the most favored nation clause of the parties' collective bargaining agreement did not encompass market wage increases.
In his memorandum of decision, the arbitrator found that prior market wage increases awarded by the plaintiff to non-bargaining unit employees were indeed not provided by the plaintiff to members of the defendant union. The arbitrator further found that the defendant did not receive notice of the various market wage increases given to other employee groups at the time the increases were given. The first notice the union received was in response to a request for information made in connection with this dispute. The arbitrator determined that the law governing binding past practices was that "In the absence of written agreement, `past practice' to be binding on both parties must be (1) unequivocal; (2) clearly enunciated and acted upon; (3) readily ascertainable over a reasonable period of time as a fixed, and established practice accepted by both parties." The arbitrator determined that the defendant had not accepted the past practice of not awarding market wage increases to its members because the defendant was not aware of the increases.
The plaintiff does not quarrel with the arbitrator's rendition of the governing principles of law. Rather it claims that the arbitrator ignored those principles when he failed to find a binding past practice. I do not agree.
The arbitrator specifically found that the past practice of not awarding market increases to bargaining unit members was not accepted by the defendant because the defendant had no notice of the increases at the time they were awarded. In order for past conduct to rise to the level of CT Page 15445 past practice, it must constitute a mutually agreed upon response to a particular situation. See Bornstein, Gosline Greenbaum, Labor and Employment Arbitration (Release No. 26 April 2002) § 10.01. The arbitrator did not ignore the law on past practice. Rather, he applied that law and, based on the facts as he found them to be, he determined that no binding past practice existed. A party's disagreement with an arbitrator's application of the law is "a far cry from the egregious or patently irrational misperformance of duty that must be shown in order to prove a manifest disregard of the law under § 52-418 (a) (4)." SaturnConstruction Co. v. Premier Roofing Co., supra, 238 Conn. 308.
Finally, the plaintiff moves to modify or correct the arbitrator's award on the grounds that it contains an evident material miscalculation of figures. The plaintiff asserts that the arbitrator neglected to include in his calculation of the wage increase due the defendant's members an additional 0.5% wage increase previously provided to them in the spring of 2001. The resulting wage increase due the defendant's member pursuant to the arbitrator's award should be 4.5%, not 5%. The defendant concurs that a material miscalculation of figures occurred and that the award should be so corrected.
A court may modify or correct an arbitration award if it finds that there has been an evident material miscalculation of figures. General Statutes § 52-419 (a). It is undisputed that the arbitrator materially miscalculated the precise amount of the wage increase due the defendant's members pursuant to his award. The arbitrator's award is hereby corrected to require the plaintiff to provide an additional wage increase of 4.5% to the defendant's members.[3]
For the aforementioned reasons, the plaintiffs application to vacate the arbitration award is hereby denied. The plaintiffs application to modify or correct the award is granted and the defendant's application to confirm the award as corrected is granted.
BY THE COURT
 ___________________ Judge Jon M. Alander