[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed an application with the court to vacate an arbitration award and the defendant has filed an application to confirm the arbitration award.
The plaintiff union has filed this action on behalf of John Morico, one of its members. Morico was hired by the defendant in September 1996 as a permanent employee. At the time, Morico was 66 years old and receiving Medicare benefits. On February 9, 1999, Morico filed a grievance pursuant to the collective bargaining agreement between the plaintiff and the defendant contesting the refusal of the defendant to reimburse him for Medicare payments made by him since the date of his employment with the defendant.
Pursuant to the collective bargaining agreement, the matter was submitted to arbitration before the State Board of Mediation and Arbitration. The parties could not agree on the language of the submission to the arbitrators. As a result, the arbitrators framed the issue as "Did the City violate the collective bargaining agreement and/or past practice when it denied the Grievant Medicare reimbursement in accordance with Article X, Section 3? If so, what shall the remedy be?"
Before the arbitration panel, the plaintiff on behalf of Morico asserted that Article X, Section 3 of the collective bargaining agreement required the defendant to reimburse Morico as a permanent employee for all the Medicare payments made by him since his hire by the defendant. The plaintiff pointed to the express language of the section which provided that "Reimbursement will be made to permanent employees presently on the payroll for Medicare payments provided receipt for such payment is submitted to the Finance Department within thirty (30) days after such payment is made."
The defendant asserted before the arbitration panel that the Medicare reimbursement provision of Article X, Section 3 of the July 1, 1995 CT Page 16137 — June 30, 1998 collective bargaining agreement remained in the agreement by mutual mistake. It maintained that, prior to 1989, employees over the age of 65 received under the collective bargaining agreement health benefits through a combination of a Blue Cross 65 Plan and Medicare, which was a less comprehensive package than that afforded employees under age 65. Employees over age 65 were reimbursed for their Medicare payments. In 1989, the parties amended the collective bargaining agreement so that all permanent employees, regardless of age, received identical comprehensive health benefits, rendering superfluous the need to maintain Medicare coverage for active employees over age 65. The defendant contended that as a result of these changes to the collective bargaining agreement the parties did not intend to retain in the contract the provision regarding reimbursement of Medicare payments by permanent employees. The defendant also argued that since 1989 no active permanent employee sought or received reimbursement for Medicare payments under Article X, Section 3 of the collective bargaining agreement.
The arbitration panel ruled in favor of the defendant. It found that the continued inclusion in the collective bargaining agreement of the provision contained in Article X, Section 3 which required Medicare reimbursement for permanent employees was a mutual mistake not identified by the parties until the filing of the instant grievance. The panel based its decision on a review of the history of the negotiations related to the contract language, the testimony of the former president of the union regarding the parties' intent, and the lack of reliance by employees on the receipt of this benefit.
The plaintiff seeks to vacate the arbitration award on the grounds that the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made in violation of General Statutes § 52-418 (a).[1]
It is undisputed that the parties' submission to the arbitrators in this case was unrestricted. Generally, the scope of a court's review of arbitral decisions concerning an unrestricted submission is exceedingly limited. "`When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Hartford v. Board ofMediation Arbitration, 211 Conn. 7, 14, 557 A.2d 1236 (1989); NewHaven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 415-16, 544 A.2d 186
(1988). Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution. Middletown v. Police Local, No. 1361,187 Conn. 228, 230, 445 A.2d 322 (1982); State v. Connecticut EmployeesCT Page 16138Union Independent, 184 Conn. 578, 579, 440 A.2d 229 (1981).' Garrity v.McCaskey, 223 Conn. 1, 4-5, 612 A.2d 742 factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved.' (Internal quotation marks omitted.)Caldor, Inc. v. Thornton, 191 Conn. 336, 340-41, 464 A.2d 785 (1983), aff'd, 472 U.S. 703, 105 S.Ct. 2914, 86 L.Ed.2d 557 (1985)." Stratfordv. Intl. Assn. of Firefighters, 248 Conn. 108, 114 (1999).
These well established principles are tempered by the recognition that a court may vacate an arbitration award on the following grounds: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of General Statutes § 52-418. Id., 116. The plaintiff argues that the arbitration award violates the provisions of § 52-418 (a) in that the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Specifically, the plaintiff asserts that the award should be vacated because it is inherently inconsistent with the underlying collective bargaining agreement.
"There are limited circumstances in which a court will conduct a broader review of an arbitrator's decision. Where one party claims that the award, as issued, is inherently inconsistent with the underlying collective bargaining agreement, the court will compare the agreement with the award to determine whether the arbitrator has ignored his obligation to interpret and apply that agreement as written. Hudson WireCo. v. Winsted Brass Workers Union, 150 Conn. 546, 553, 191 A.2d 557
(1963). This additional analysis is conducted pursuant to such a claim because `an arbitrator's award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of this award.' Darien Education Assn. v. Boardof Education, 172 Conn. 434, 437, 374 A.2d 1081 (1977), quoting UnitedSteelworkers v. Enterprise Wheel Car Corporation, 363 U.S. 593,597, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). . . . It must be emphasized, however, that merely claiming inconsistency between the agreement and the award will not trigger judicial examination of the merits of the arbitration award. Rather, in the face of such a claimed inconsistency, this court will review the award only to determine whether it `draws its essence from the collective bargaining agreement.'" Board of Educationv. Local 818, 5 Conn. App. 636, 640 (1985). CT Page 16139
The plaintiff maintains that the arbitrators illegally rewrote or ignored the terms of the collective bargaining agreement by refusing to give effect to the express language of Article X, Section 3 of the collective bargaining agreement which provides for reimbursement of Medicare payments by permanent employees. I do not agree.
A contract may be reformed to correct a mutual mistake. Harlach v.Metropolitan Property Liability Ins., Co., 221 Conn. 185, 190-91
(1992). See also Greenwich Contracting Co. v. Bonwit Const. Co.,156 Conn. 123, 126-27 (1968) and Derby Savings Bank v. Oliwa,49 Conn. App. 602, 604 (1998). "Reformation is appropriate in cases of mutual mistake — that is where, in reducing to writing an agreement made or transaction entered into as intended by the parties thereto, through mistake, common to both parties, the written instrument fails to express the real agreement or transaction." (Citations omitted; internal quotation marks omitted.) Harlach v. Metropolitan Property Liability Ins., Co., supra, 221 Conn. 190-91. See also 2 Restatement (Second), Contracts § 155 (1979).
In this case, the arbitrators found as a fact that the parties to the collective bargaining agreement made a mutual mistake in not deleting the provision in Article X, Section 3 requiring reimbursement of Medicare payments by permanent employees as the parties intended in light of changes to health insurance benefits provided to such employees. The arbitrators reformed the agreement to correct the mutual mistake and fulfill the parties' intent. This court may not review the arbitrators' findings of fact or their application of the law to those facts. MilfordEmployees Assn. v. Milford, 179 Conn. 678 (1980).
"Our Supreme Court has stated on numerous occasions that arbitration is a creature of contract. See, e.g., American Universal Ins. Co. v.DelGreco, 205 Conn. 178, 185, 530 A.2d 171 (1987); OG/O'Connell JointVenture v. Chase Family Ltd. Partnership No. 3, 203 Conn. 133, 145,523 A.2d 1271 (1987); Board of Education v. AFSCME. Council 4, Local287, 195 Conn. 266, 269, 487 A.2d 553 (1985). Therefore, it is the arbitrator's judgment that was bargained for and contracted for by the parties, and we do not substitute our own judgment merely because our interpretation of the agreement or contract at issue might differ from that of the arbitrator." Franco v. East Shore Development,59 Conn. App. 99, 107 (2000).
For the foregoing reasons, the plaintiffs application to vacate the arbitration award is denied and the defendant's application to confirm the award is granted. CT Page 16140
BY THE COURT
 ___________________ Judge Jon M. Alander